IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00418-CV

 

Dennis Powell,

                                                                      Appellant

 v.

 

Leon Clements, et al,

                                                                      Appellees

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23107

 



ORDER



 

      Appellant indicated to the Court his
desire to mediate his dispute with various officials and doctors of the
U.T.M.B. correctional managed care system.  By letter, the Court requested a
response from Appellees, within 21 days, to Appellant’s request to mediate. 
More than 21 days have passed, and Appellees have not filed a response.

      The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005 & Supp.
2005).  The policy behind ADR is stated in the statute: “It is the policy of
this state to encourage the peaceable resolution of disputes . . . and the
early settlement of pending litigation through voluntary settlement
procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR. 
Mediation is a mandatory but non-binding settlement conference, conducted with
the assistance of a mediator.  Mediation is private, confidential, and
privileged.

      We find that this matter is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

      The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellant is ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

      Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee.  The mediator’s fees will be taxed as
costs.  Unless the mediator agrees to mediate without fee, the mediator must
negotiate a reasonable fee with Appellees, and Appellees must pay the
agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

      Any objection to this Order must be filed
with this Court and served upon all parties within ten days of the date of this
Order, or it is waived.

      We
abate this cause for mediation. 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

(Justice
Vance declined participation in deciding this Order)

Appeal
Abated

Order
issued and filed July 19, 2006

Do
not publish

 






te milk
shake.
      Based on the information received from the dispatcher, Waits continued to detain Rogers until
his supervisor, Sergeant Mattix, arrived a few minutes later. Mattix sent Officer Baker to the
Sonic to bring Graywolf and Elliot to the scene of the stop. While he waited for Graywolf and
Elliot to arrive, Mattix spoke with Rogers, who admitted he had exposed himself.
      At approximately 8:40 p.m., only fifteen minutes after the original dispatch and only nine
minutes after the investigative stop, Baker returned to the scene of the stop with Graywolf and
Elliot. The women positively identified Rogers as the man who had exposed himself. Rogers was
then taken into custody for indecent exposure.
      In his first point Rogers contends that the court erred in failing to quash the information as
fatally defective. Rogers filed a motion to quash the original information, which was later
amended. He never filed a motion to quash the amended information. 
      Rogers waived any complaint about the form or substance of the amended information on
which he was tried and convicted by not attacking it in the trial court. See Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Vernon Supp. 1993). We overrule point one.
      In his third point, Rogers argues that the court abused its discretion by failing to suppress
evidence obtained as a result of an illegal arrest. The test to determine probable cause to arrest
is whether, at the moment the arrest was made, the facts and circumstances known by the officer,
or of which he has reasonably trustworthy information, were sufficient to warrant a prudent man
to believe that the suspect had committed, or was committing, an offense. Adams v. Williams, 407
U.S. 143, 148, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972). At the moment of the arrest,
Officer Waits either knew, or had reasonably trustworthy information, that: (1) a crime had been
committed at the Sonic Drive-in minutes earlier; (2) the victim and a witness had immediately
called the police; (3) the suspect was a white male wearing a white t-shirt and driving a gold
Pontiac Grand Am; (4) the license plate on the vehicle included the numbers "33" in sequence; (5)
the vehicle was seen leaving the rear of the Sonic behind the bank; (6) Waits was less than a half
mile from the Sonic when he saw a gold Grand Am with "33" in sequence on the license plate; (7)
Waits confirmed the description with the dispatcher; (8) Waits stopped the car six minutes after
the initial dispatch; (9) Waits observed a cup with the Sonic logo in the front of the vehicle; (10)
Rogers had been to the Sonic; (11) Rogers had ordered only a chocolate milk shake at Sonic; (12)
Rogers and his car fit the description given by Graywolf and Elliot; (13) Rogers told Sergeant
Mattix that he had exposed himself; and (14) Graywolf and Elliot positively identified Rogers as
the man who had exposed himself at the Sonic. 
      These factors, viewed in the light of Waits' training and experience, were sufficient to warrant
a man of reasonable prudence to believe Rogers had committed an offense that was either a breach
of the peace or a felony. See id.; Tex. Code Crim. Proc. Ann. art. 14.03 (Vernon 1977). Thus,
we find that the officers properly arrested Rogers upon probable cause to believe he had committed
a crime. Because the evidence was seized as incident to a legal arrest, we overrule point three.
      Rogers' second point, that the court abused its discretion by not suppressing the evidence
obtained as a result of an illegal stop, is not reached because we have already determined that the
evidence was properly seized in connection with his legal arrest. 
      We affirm the judgment.
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 14, 1993
Do not publish